IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**GENERAL MOTORS, LLC,**

**Plaintiff,**

v.

**ROYAL MOTORS CORPORATION,**   CIVIL NO. 10-2020 (GAG)

**Defendant.**

**OPINION AND ORDER**

Plaintiff in this matter, General Motors, LLC ("GM") brought suit against Royal Motors Corporation ("RMC") seeking a judgment from this court declaring that GM is legally within its rights to terminate its motor vehicle dealer agreement with RMC. Plaintiffs brought this action pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201 and pray that this court has jurisdiction over this matter pursuant to 28 U.S.C. 1332.

Presently before this court is Defendant's motion to dismiss for lack of subject matter jurisdiction (Docket No. 40). Plaintiff opposed this motion (Docket No. 43) After considering the parties' submissions and the pertinent law, the court **DENIES** Defendant's motion to dismiss.[1]

**I.   Standard of Review**

Under Rule 12(b)(1) a party may move the court to dismiss a complaint for lack of subject matter jurisdiction at any time. In ruling on a Rule 12(b)(1) motion, the court must construe the complaint liberally and indulge in all reasonable inferences in favor of the plaintiff. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). A defendant may challenge the court's subject-

---

[1] Although the court waited for GM to file its opposition, the court was already prepared to deny RMC's motion to dismiss, as the arguments are clearly inapposite to the prevailing law.

**Civil No. 10-2020 (GAG)**

matter jurisdiction in either of two ways: a facial attack on the sufficiency of the plaintiff's jurisdictionally-relevant pleadings in the complaint, or a factual challenge. Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007). A factual challenge involves a two-step inquiry. Id. "First, the court must determine whether the relevant facts, which would determine the court's jurisdiction, also implicate elements of the plaintiff's cause of action." Id. at 163. If the jurisdictional issue is intertwined with the merits of the plaintiff's case, the court must adopt the summary-judgment standard, such that the court would only dismiss if the material jurisdictional facts are beyond dispute and the defendant is entitled to dismissal as a matter of law. Id. Second, if the jurisdictional issue is not so intertwined, the court may simply weigh the evidence at hand to determine its competence to hear the case. Id.

## II.     Relevant Factual & Procedural Background

GM is a Delaware corporation that has its principal place of business in Detroit, Michigan. GM distributes new motor vehicles in the Commonwealth of Puerto Rico through independent dealers pursuant to dealer sales and service agreements. GM has such an agreement with RMC. RMC is incorporated in Puerto Rico with its principal place of business in San Juan. RMC is engaged in the business of selling and servicing new motor vehicles manufactured by GM.

GM provides warranties to customers of its vehicles, parts, and accessories in connection with the retail sale of motor vehicles. Pursuant to a dealer agreement entered into between GM and RMC, RMC agreed to perform required warranty repairs on qualified vehicles, and GM agreed to reimburse RMC for costs related to purchasing parts and performing labor on the vehicles. Under the agreement, RMC contracted that all "service will be performed and administered in a professional manner and in accordance with all applicable laws and regulations." The agreement expressly provided that certain acts constitute a material breach of the agreement. Included amongst these acts was the submission by the dealer of false applications or reports, including false orders for products or reports of delivery or transfer of products. The dealer agreement expressly granted GM the power to terminate the agreement in the event that it became aware that any of the acts,

**Civil No. 10-2020 (GAG)**

expressly forbidden under the agreement, had occurred.

Based on the results of numerous site inspections, investigations, and other information provided to GM by customers, GM came to suspect that RMC had repeatedly submitted false and fraudulent warranty claims for reimbursement. In its complaint, GM identifies a number of instances between the years 2009 and 2010 in which the warranty claims submitted by GMC were inconsistent with RMC's records and customer comments.

In light of these allegedly fraudulent claims, GM filed a complaint for declaratory judgment against RMC. The complaint seeks a declaration from this court that GM is in its legal right to terminate the dealership contract with RMC. On January 14, 2011, RMC moved to dismiss this claim for lack of subject matter jurisdiction.

**III. Discussion**

In its motion, RMC contends that the court does not have jurisdiction to hear this claim as (1) diversity jurisdiction does not apply as the amount in controversy does not exceed $75,000; and (2) GM does not set forth a justiciable claim.

**A. Amount in Controversy**

RMC argues that GM cannot invoke this court's diversity jurisdiction as the amount that is in controversy does not exceed the statutory minimum of $75,000. (See Docket No. 40 at 4.) In support of this argument, RMC points out that the instances of alleged fraud identified in the complaint only amount to approximately $6,629.86 in damages. However, the court finds RMC's argument inapposite to the prevailing case law on this subject. "In an action for declaratory judgment, 'the amount in controversy is measured by the value of the object of the litigation.'" Department of Recreation & Sports of Puerto Rico v. World Boxing Association, 942 F.2d 84, 88 (1st Cir. 1991) (quoting Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1977)); see also MB Auto Care Mgmt., Inc. v. Plaza Carolina Mall, L.P., 695 F. Supp. 2d 1, 4 (D.P.R. 2010). In this suit, the object at the center of the litigation is the dealer agreement between GM and RMC. As GM notes in its opposition (Docket No. 43), this court in MB Auto Care

**Civil No. 10-2020 (GAG)**

recognized that "[w]hen [a] plaintiff has a significant economic stake in continuing [a contract] that well exceeds the jurisdictional requirement, diversity is present." 695 F. Supp. 2d at 5 (internal quotations omitted). GM contends that the value of the dealer agreement easily exceeds the amount in controversy requirement. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) (recognizing that "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). Accordingly, the court cannot hold, with legal certainty, that GM's claim is for less than the jurisdictional amount, and therefore **DENIES** RMC's motion to dismiss on these grounds.

### B.    Justiciability of the Claim

RMC further contends that the court lacks jurisdiction to hear this claim as GM has effectively requested an "advisory opinion" from the court. (See Docket No. 40 at 6.) However, in contrast to RMC's assertions, this court has held that the Declaratory Judgment Act "'is designed to enable litigants to clarify legal rights and obligations before acting upon them.'" Center for Disease Detention, LLC v. Rullan, 288 F. Supp. 2d 136, 141 (D.P. R. 2003) (quoting Ernst & Young v. Depositors Economic Protection Corp., 45 F.3d 530, 534 (1st Cir.1995)). When considering ripeness in the context of declaratory judgment, the court must consider two parts: (1) whether an issue is fit for review; and (2) whether failure of the court to hear the dispute will create a hardship for the parties. See State of R.I. v. Narragansett Indian Tribe, 19 F.3d 685, 692 (1st Cir. 1994). GM's right to terminate its contractual relationship with RMC is the exact type of dispute considered ripe for declaratory judgment. See e.g. Lamex Foods, Inc. v. Audeliz Lebron Corp., 2010 WL 500405 (D.P.R. 2010); Volvo Constr. Equip. N.A., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581. 591 (4th Cir. 2004.) GM has demonstrated that the issue before the court is clearly fit for review. GM's complaint is rife with concrete evidence demonstrating RMC's continued failure to comply with the terms of the dealer agreement. (See Docket No. 1 at 4-10.) GM has also sufficiently demonstrated the hardship it would face absent a judicial determination of its rights. (See Docket No. 43 at 7-8.) Accordingly, the court finds that GM has stated a claim ripe for adjudication under the Declaratory Judgment Act and therefore **DENIES** RMC's motion to dismiss on these grounds**.**

IV. **Conclusion**

For the foregoing reasons, the court **DENIES** RMC's motion to dismiss (Docket No. 40).

**SO ORDERED.**

In San Juan, Puerto Rico this 1st day of February, 2011.

*S/Gustavo A.Gelpí*

GUSTAVO A. GELPI

United States District Judge